**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4703**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ALEJANDRO LONGORIA, a/k/a Felix Longoria, a/k/a John,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (3:07-cr-00505-CMC-02)

Submitted:  April 28, 2009        Decided:  May 15, 2009

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John Delgado, BLUESTEIN, NICHOLS, THOMPSON & DELGADO, LLC, Columbia, South Carolina, for Appellant.  Jimmie Ewing, Mark C. Moore, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alejandro Longoria pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base, five kilograms or more of powder cocaine, and 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (2006) (Count One), and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2006) (Count Thirty-Four). Longoria was sentenced to a total term of 292 months in prison, and he timely appeals.

Counsel for Longoria filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court properly conducted Longoria's guilty plea hearing and fashioned a reasonable sentence. Finding no reversible error, we affirm.

In the absence of a motion to withdraw a guilty plea in the district court, we review for plain error the adequacy of the guilty plea proceeding under Fed. R. Crim. P. 11. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our examination of the record shows that the district court fully complied with the requirements of Rule 11. Longoria's plea was knowingly, voluntarily and intelligently entered, and supported by a factual basis. We therefore find no error.

2

Moreover, a review of the record reveals that the district court did not abuse its discretion in sentencing Longoria. When determining a sentence, the district court must calculate the appropriate advisory guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 128 S. Ct. 586, 596 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the [g]uidelines range," is for abuse of discretion. Id. at 591. Sentences within the applicable guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Longoria, appropriately treating the sentencing guidelines as advisory, properly calculating and considering the applicable guidelines range, and weighing the relevant § 3553(a) factors. The court found that concurrent sentences of 292 months on Count One and 240 months on Count Thirty-Four were appropriate in light of the seriousness of the offenses, Longoria's leadership role in the drug organization, the need to promote respect for the law and to protect the public, and because a substantial amount of drugs were involved. Furthermore, Longoria's sentence for Count One, which is the low end of the applicable guidelines range and below the statutory

maximum of life in prison, is presumed reasonable on appeal. Further, while Longoria's sentence on Count Thirty-Four is the statutory maximum, we note that it is below the guidelines range. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Longoria.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Longoria, in writing, of the right to petition the Supreme Court of the United States for further review. If Longoria requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Longoria.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>